IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**CARL R. BRANDON**                                                                           **PLAINTIFF**

**V.**                                                         **CIVIL ACTION NO. 5:08cv161-DCB-MTP**

**FRANK DAVIS,** *et al.*                                                                **DEFENDANTS**

### ORDER REGARDING SERVICE OF PROCESS

This matter is before the court *sua sponte* upon receipt of the letter [11] from Plaintiff Carl Brandon regarding the issuance and service of process. On March 31, 2008, the court entered an Order [6] denying Plaintiff's Motion for Leave to Proceed In Forma Pauperis [3]. On May 29, 2008, Plaintiff paid the filing fee in the amount of $350.00. *See* Docket Entry dated 5/29/08.

On May 30, 2008, the Clerk of Court sent a Memorandum [10] to Plaintiff advising him that he was responsible for service of process pursuant to Rule 4 of the Federal Rules of Civil Procedure. The Clerk enclosed summons forms and provided Plaintiff with instructions for the issuance and service of process pursuant to Rule 4, and provided Plaintiff with a copy of Rule 4. Plaintiff was warned that his failure to serve process in accordance with Rule 4 could result in the dismissal of this case.

On July 23, 2008, Plaintiff sent a letter [11] to the Clerk requesting summons forms so he could "proceed with [his] claim by effecting service of the summon (sic) through the United States Marshal's office, via [the Clerk's] office." *See* Letter [11].

Rule 4(c) provides that the "plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to

the person who makes service." Rule 4(m) provides that if the Plaintiff fails to serve the defendant with the complaint within 120 days after the complaint is filed, the court "must dismiss the action without prejudice against that defendant . . . ."

Because Plaintiff is not proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915, the court and the U.S. Marshal's office have no obligation to assist Plaintiff with the service of process. *See* Fed. R. Civ. P. 4(c); Local Rule 4.1(B) ("The United States Marshal does not serve process in civil actions except on behalf of the federal government, in actions proceeding in forma pauperis, on writs of seizure and executions of judgments, and when otherwise ordered by a federal court."); *see also Whiting v. Alvarado*, No. 2:03cv53, 2004 WL 527793, at *1-2 (N.D. Tex. Mar. 17, 2004) (denying plaintiff's motion for service of process by U.S. Marshal where plaintiff was not proceeding *in forma pauperis*). Accordingly,

IT IS, THEREFORE, ORDERED:

1. That Plaintiff must serve the defendants with the summons and compliant by September 27, 2008,[1] and must file the proof of service of the summons and complaint by the server's affidavit pursuant to Rule 4(l).

2. That Plaintiff's failure to properly serve defendants in accordance with Rule 4 could result in the dismissal of this action.

3. That the Clerk of Court is directed to mail to Plaintiff two blank summonses. Plaintiff is responsible for preparing the summonses, returning them to the Clerk

---

[1] Although Plaintiff's Complaint was filed on March 18, 2008, his Motion for Leave to Proceed In Forma Pauperis [3] was denied on March 31, 2008, and Plaintiff did not pay his filing fee until May 29, 2008. Weighing all doubts in Plaintiff's favor, the 120-day time limitation began to run on May 29, 2008, the date his filing fee was paid. *See Shabazz v. Franklin*, 380 F. Supp. 2d 793, 799 (N.D. Tex. 2005); *Ellis v. Principi*, 223 F.R.D. 446, 447-48 (S.D. Miss. 2004).

      for issuance, and for arranging service of the issued summonses.  *See* Fed. R. Civ. P. 4 and Memorandum [10] from Clerk.

4.     That it is the Plaintiff's responsibility to prosecute this case.  Failure to advise this court of a change of address or failure to comply with any order of this court will be deemed as a purposeful delay and contumacious act by the Plaintiff and may result in the dismissal of this case.

SO ORDERED this the 31st day of July, 2008.

                                                s/ Michael T. Parker
                                                United States Magistrate Judge